UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD AUTRY ANDERSON,

    Plaintiff,

vs.                                          Case Number: 8:07-CV- 993-T-27MAP

CITY OF TAMPA, FLORIDA, a Florida
municipal corporation and political subdivision
of the State of Florida, PETER J. BUCHER, Officer,
individually and as an agent and employee of the
City of Tampa and Tampa Police Department,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff HAROLD AUTRY ANDERSON (hereinafter "ANDERSON") sues Defendants, CITY OF TAMPA, FLORIDA (hereinafter "CITY OF TAMPA") , a Florida municipal corporation and political subdivision of the State of Florida, PETER BUCHER (hereinafter "BUCHER") , Officer, individually and as an agent and employee of the City of Tampa and Tampa Police Department and alleges:

## PRELIMINARY STATEMENT

    1.    This is a civil action for compensatory damages. Plaintiff contends that Officer Peter J. Bucher unlawfully assaulted and battered him with excessive force without justification and in violation of the protections guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and his civil rights under Florida laws. Plaintiff further contends that these violations resulted from the policies, practices, and customs of the City of Tampa.

2. These violations resulted from a traffic stop and arrest, alleging Plaintiff was operating his motor vehicle on April 23, 2006, while under the influence of alcohol. As a result of his arrest, Plaintiff's rights to be free from unreasonable search and seizure and to not be subjected to excessive use of force by police officers were violated. Plaintiff suffered physical, emotional, and other compensatory injuries as a result of the violation of his rights.

3. This action for compensatory damages is brought under common and statutory laws of Florida and, additionally, pursuant to 42 U.S.C. sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the City of Tampa and Officer Peter Bucher.

4. Plaintiff requests this court to declare that the acts of the defendants were unconstitutional under the United States Constitution, and by an award of compensatory damages, compensate him for the violations of his constitutional rights and deter the defendants from further participation in such unconstitutional acts and/or omissions.

## JURISDICTION AND VENUE

5. This is an action for damages in excess of fifteen thousand dollars.

6. This action arises under and is brought in part pursuant to 42 U.S.C. §1983 and §1988 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida.

7. Venue is placed in Hillsborough County because it is where all parties reside and where the events complained of occurred.

8. All conditions precedent to the maintenance of this action have been performed before its filing including those set forth in section 768.28, Florida Statutes.

## THE PARTIES

9. Plaintiff Anderson is and was, at all times relevant to this Complaint, a citizen of the United States and a resident of Hillsborough County, Florida.

10. Defendant City of Tampa is a political subdivision of the State of Florida, a Florida municipal corporation, and at all times relevant hereto, it employed Defendant Bucher.

11. Defendant Bucher was, at all material times and in all actions described herein, acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Defendant City of Tampa and pursuant to all statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the City of Tampa.

### STATEMENT OF FACTS

12. On April 23, 2006, at approximately 6:45 p.m., Plaintiff was operating his 1997 red Lincoln Mark III, motor vehicle southbound on Interstate 275, in Tampa, Hillsborough County, Florida.

13. Anderson proceeded to drive on Interstate 275 and exited onto the Ashley Street off ramp heading southbound into downtown Tampa. Unbeknownst to Anderson, Bucher was following him in a marked unit and made a determination that he was going to make a traffic stop.

14. Bucher activated his emergency lights and Anderson immediately used his turn signal in pulling over and brought his vehicle to a stop. Bucher's marked vehicle contained a stationary and operative video camera which he activated while following Anderson's vehicle.

15. While the video camera was still operating, at Bucher's request Anderson exited his vehicle. Further, Bucher directed Anderson to the sidewalk, out of sight of the video camera.

16. While the video camera was still operating, you can hear the exchange between Bucher and Anderson. Bucher asked Anderson to perform field sobriety exercises and Anderson declined.

17. Within 5 minutes from the vehicle stop, Anderson was asked to put his hands behind his back and responded by informing Bucher that he has a bad shoulder.

18. In response, Bucher assaulted and battered 66 year old Anderson as Anderson was taken to the ground, out of sight of Bucher's stationary video camera and in the presence of Trooper Ben Miller. Anderson is heard complaining of his shoulder being hurt and is then placed in front of the video camera.

19. Anderson is placed in front of the video camera, already having been handcuffed behind his back, still complaining of his shoulder being hurt and Trooper Ben Miller is seen on the video camera wiping blood from Anderson's face and both of his knees.

20. Bucher wrote the following description on Anderson's arrest affidavit:

> I observed the Def driving a 1997 Lincoln Mark VIII, 2 dr, red in color, FL tag AM HAPY s/b on I-275, exiting at the west downtown exit onto Ashley Street. I observed the Def's vehicle strike the wall (NIS) causing a cloud of dust. I observed the Def. crossing the lane marker on Ashley Street. I conducted a traffic stop. I observed a very strong odor of an alcoholic beverage on his breath & blood shot glassy eyes an unsteady appearance and slurred speech. The Def. refused to do field sobriety exercises. While attempting to handcuff the Def., he began to move his body & arms attempting to defeat our control and was taken to the ground. Trooper Miller advised me they were looking for the Def. veh. in ref. to BOLO's of his driving.

21. The arrest affidavit only charges Anderson with DUI and does NOT include a charge for Resisting Arrest With or Without Violence.

22. Next, Anderson is placed in the backseat of Bucher's marked police cruiser, handcuffed behind his back and videotaped while waiting for an ambulance to arrive.

23. Anderson's voice is clear on the videotape post-arrest as he expresses his anger for being physically abused without justification and in violation of his constitutional and civil rights.

24. Consequently, Bucher canceled the ambulance.

25. Approximately 45 minutes from the arrest, Anderson in handcuffs now in front of his body, is again videotaped at the Central Breath Testing Unit of the Hillsborough County Jail at approximately 7:33 p.m., with visible signs of physical abuse.

26. Anderson was released on his own recognizance in the early morning hours on April 24, 2006.

27. Defendant City of Tampa failed to discipline or prosecute known incidents of excessive use of force, to investigate complaints of excessive use of force, and to overrule the conclusions within its police department in spite of the overwhelming evidence that such incidents were unjustified and improper.

28. On information and belief, the abuse to which Anderson was subjected was consistent with an institutionalized practice of the City of Tampa Police Department, which was known to and ratified by Defendant City of Tampa, and neither took any effective action to prevent Defendant Bucher from continuing to engage in such misconduct.

29. On information and belief, Defendant City of Tampa had prior notice of the vicious propensities of Defendant Bucher but took no steps to correct his abuse of authority or to discourage his unlawful use of authority. The failure to properly train Defendant Bucher includes the failure to instruct him in the applicable rules and regulations of the City of Tampa Police Department concerning the proper and prudent use of force and proper detention techniques of arrestees.

30. On information and belief, Defendant City of Tampa authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by:

   a. Failing to properly discipline, restrict and control employees, including Defendant Bucher, who were known to be reckless in their dealings with citizens of the community.;

    b.    Failing to establish and/or endure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, instead of responding to such complaints with bureaucratic power and official denials calculated to mislead the public, properly discipline, restrict and control employees, including Defendant Bucher, who were known to be reckless in their dealings with citizens of the community.

31.    As a direct and proximate result of the deliberate indifference of the City of Tampa, to prevent or change unconstitutional policies, customs and practices, Plaintiff Anderson suffered the following injuries and damages:

    a.    Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United State Constitution to be free from an unreasonable search and seizure of his person, to be afforded due process of law and equal protection under the law;

    b.    Significant physical injury, causing humiliation, emotional distress, pain and suffering, substantial medical and other out-of-pocket expenses, and future medical expenses.

32.    As a direct and proximate result of the actions of Defendant Bucher, the following clearly established and well-settled federal constitutional rights of Anderson were violated:

    a.    Free from an unreasonable search and seizure of his person;

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person;

    c.    Equal Protection under the law; and

    d.    Due Process of law.

## COUNT I
## (BATTERY AGAINST CITY OF TAMPA)

33. Plaintiff realleges and reavers paragraphs 1 through 32.

34. On April 23, 2006, Defendant Bucher, acting in the course and scope of his duties as a City of Tampa Police Department police officer, did batter, touch, strike, and utilize excessive force against Anderson without his consent and against his will.

35. Defendant City of Tampa through its employee Bucher intentionally caused bodily harm to Anderson by using excessive force upon his person.

36. Plaintiff Anderson has complied with the notice provisions of Florida Statutes Section 768.28 which is a condition precedent to the filing of a state tort against the City of Tampa.

37. Defendant City of Tampa is vicariously liable for the tortious acts of its employee that were committed within the scope and furtherance of his employment.

38. As a direct and proximate consequence of the acts of the City of Tampa through its employee, Bucher, Anderson suffered damages which include bodily injuries and resulting pain and suffering, humiliation, emotional distress, medical and nursing care and expense, mental anguish, loss of capacity for the enjoyment of life, disability, and aggravation of a previously existing condition. The damages are continuing and he will suffer them in the future.

WHEREFORE Plaintiff, Harold Autry Anderson, demands judgment against the City of Tampa for compensatory damages, costs, and such other and further relief as this court may deem proper. **Plaintiff demands jury trial on all issues.**

## COUNT II
## (42 U.S.C. § 1983 CLAIM AGAINST OFFICER BUCHER, INDIVIDUALLY, FOR VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS)

39. Plaintiff realleges and reavers paragraphs 1 through 38.

40. This cause of action is brought by Anderson against Defendant Bucher for deprivation of constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983 through his willful, wanton and malicious use of excessive force under color of law.

41. Defendant Bucher violated 42 U.S.C. § 1983 by inflicting injury upon Anderson that was grossly disproportionate to the force necessary to arrest Anderson in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendant Bucher, while acting in the capacity as a police officer for the City of Tampa and under color of law, did wilfully, maliciously and intentionally use excessive and unreasonable force to detain and arrest Anderson for an alleged traffic infraction.

43. The intentional, willful and wanton acts of Defendant Bucher establishes a claim for punitive damages by Anderson against Defendant Bucher.

44. The conduct of Defendant Bucher violated Anderson's clearly established rights to be free from unreasonable search and seizure and unreasonable use of force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and for which 42 U.S.C. § 1983 provides a remedy.

45. As a direct and proximate consequence of the unconstitutional and wrongful acts of Defendant Bucher, Anderson suffered damages which include bodily injuries and resulting pain and suffering, humiliation, emotional distress, medical and nursing care and expense, mental anguish, loss of capacity for the enjoyment of life, disability, and aggravation of a previously existing condition. The damages are continuing and he will suffer them in the future.

WHEREFORE Plaintiff, Harold Autry Anderson, demands judgment against Bucher for punitive and compensatory damages, costs, reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and such other and further relief as this court may deem proper. **Plaintiff demands jury trial on all issues.**

**COUNT III**
**(42 U.S.C. § 1983 CLAIM AGAINST CITY OF TAMPA FOR VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**

46. Plaintiff realleges and reavers paragraphs 1 through 45.

47. This cause of action is brought by Anderson against Defendant City of Tampa for deprivation by its agent, servant, or employee namely, Defendant Bucher, of constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution within the meaning of 42 U.S.C. § 1983.

48. Defendant Bucher, was acting in the capacity as a police officer, authorized agent for the City of Tampa and under color of law while detaining and arresting Anderson for an alleged traffic infraction in furtherance of his duties.

49. Defendant City of Tampa violated Anderson's constitutional rights by failing to adequately train, supervise and control officer Bucher in the execution of his official duties and, particularly, to ensure Bucher refrained from using excessive and unnecessary force in detaining and arresting Anderson.

50. Furthermore, the constitutional deprivation was caused by the City of Tampa's numerous areas of deliberate indifference including:

    a. custom of condoning alleged instances of police brutality without punishing its officers. The above mentioned actions were not isolated incidents. The City of Tampa has a history of exonerating officers for allegedly using excessive force against its citizens. Officers within the police department are secure in knowing that a reported incident will not result in any disciplinary proceeding unless another officer can verify that the force was excessive. The City of Tampa condones an officer's action even when other non-police witnesses have complained that the force used was excessive. Prior to April 23, 2006, Defendant City of Tampa permitted and tolerated that practice of unjustified and

unreasonable uses of excessive force by its officers under the color of law.

51.     The above-described actions of Defendant Bucher, the policies of the City of Tampa and the practices condoning the use of excessive and unreasonable force by agents, servants or employees of Defendant City of Tampa deprived Anderson of rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution.

52.     Defendant Bucher violated Anderson's civil rights by assaulting and battering and inflicting injury on Anderson under color of law with force that was grossly disproportionate in relation to the need for action.

53.     As a direct and proximate consequence of the unconstitutional and wrongful acts of Defendant Bucher, while an agent, servant or employee of Defendant City of Tampa, and the unconstitutional policies, customs and practices of Defendant City of Tampa, Anderson suffered damages which include bodily injuries and resulting pain and suffering, humiliation, emotional distress, medical and nursing care and expense, mental anguish, loss of capacity for the enjoyment of life, disability, and aggravation of a previously existing condition.  The damages are continuing and he will suffer them in the future.

WHEREFORE Plaintiff, Harold Autry Anderson, demands judgment against City of Tampa for compensatory damages, costs, reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and such other and further relief as this court may deem proper.  **Plaintiff demands jury trial on all issues.** .

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for entry of judgment against defendants, jointly and

severally, for compensatory damages as proven at trial; for an award of punitive damages against Defendant Bucher; for costs, expenses, and attorneys' fees in this action pursuant to 42 U.S.C. §1988; for an order declaring that the defendants have acted in violation of the United States Constitution; and such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands trial by jury on all issues so triable.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to **Ursula Richardson, Esq.**, Assistant City Attorney, 315 E. Kennedy Boulevard, 5th Floor, Tampa, Florida 33602, this **11th** day of July, 2007.

**TRENTALANGE** & **KELLEY, P.A.**

/s/ *Melissa M. Polo*
**MICHAEL J. TRENTALANGE, ESQ.**
Florida Bar No.; **0850942**
E-Mail: mjt@ trentalange.com
**MELISSA M. POLO, ESQ.**
Florida Bar No.; **0077607**
E-Mail: mpolo@ trentalange.com
One Harbour Place, Suite 250
*777* S . Harbour Island Boulevard
Tampa**,** Florida 33602
(8 13) 226-1080 Fax**:** (813) 226-1081
**Attorneys for Plaintiff**